**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Julio BERRIEL–OCHOA, Antolin Mederos-Carunjo, Defendants-Appellants.**

**No. 83–5714**
**Non-Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Aug. 31, 1984.

Robyn J. Hermann, Asst. Federal Public Defender, Miami, Fla., for Berriel-Ochoa and Mederos-Carunjo.

Stanley Marcus, U.S. Atty., Gregory W. Kehoe, Linda Collins-Hertz, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before RONEY, TJOFLAT and ANDERSON, Circuit Judges.

PER CURIAM:

The defendants were convicted of conspiracy and possession of approximately 1600 pounds of marijuana found on their boat in a customs search which occurred one and three-quarter miles up the Miami River. The only real question on this appeal is whether the rationale of *United States v. Villamonte-Marquez,* 462 U.S. 579, 103 S.Ct. 2573, 77 L.Ed.2d 22 (1983), legitimatizes a customs search of the vessel this far up the river. We hold that it does.

The boat was first observed approximately one-quarter of a mile from the mouth of

the Miami River, at a point with direct access to the ocean. The boat was not boarded until it was about two miles up the river because the crew on board refused to stop the vessel. Defendants argue that at the time of the boarding, the boat was not in a customs area so that *Villamonte-Marquez*, which permits boarding of vessels within customs waters without any probable cause or reasonable suspicion to conduct a document search, does not apply. We need not decide the ultimate question of how far that decision travels up the Miami River. Having attempted to stop the boat in custom waters, where *Villamonte-Marquez* does apply, the customs authorities acted reasonably in pursuing the vessel up the river until it could be stopped, and there boarding it.

There is no merit to the other arguments concerning the search and the admission of statements made by defendant Mederos-Carunjo at that time.

AFFIRMED.